UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNIVERSITY LEGAL SERVICES-**
  **PROTECTION AND ADVOCACY, INC.**

                                                                    CIV. NO: 1:04CV01021(RBW)

                              **Plaintiffs,**
v.

  **NORTHWESTERN HUMAN SERVICES,**
      **in his official capacity,**

              and

**MARTHA B. KNISLEY, DIRECTOR,**
**DISTRICT OF COLUMBIA DEPARTMENT OF**
**MENTAL HEALTH,**
      **in her official capacity,**

                              **Defendants.**

**PROPOSED ORDER**

Plaintiff, University Legal Services - Protection and Advocacy ("ULS-P&A"), as the designated protection and advocacy (P&A) program for the District of Columbia, has a mandate to investigate incidents of abuse or neglect where it has probable cause to believe such incidents have occurred, and a right to promptly access records and other information relevant to such investigation.  The PAIMI Act, 42 U.S.C. §§10801-10827, gives each state's protection and advocacy system the right to access records in order to fulfill the statute's purpose:  "to ensure that the rights of individuals with mental illness are protected."  42 U.S.C. § 10801(b)(1).

1

The Court finds that ULS-P&A has probable cause to believe that numerous consumers of mental health services have been subject to abuse or neglect by Northwestern Human Services ("Northwestern"), a service provider acting on behalf of the District of Columbia Department of Mental Health ("DMH"), and also acting as representative payee for many of these consumers.

Defendants denied that ULS-P&A's has a right to certain requests for records and other information necessary to investigate such abuse or neglect, including investigation reports prepared by DMH concerning these incidents, individual records of the consumers, and the identities and contact information for the consumers and their guardians. Without this information, Plaintiff is unable to fulfill its statutory mandate and will suffer irreparable harm.

**WHEREFORE, THE COURT** enters summary judgment in favor of the Plaintiff;

**FURTHER, THE COURT** enters a permanent injunction, pursuant to 42 U.S.C. § 10801 et. seq., and/or 28 U.S.C.§§1331 and 1343(a)(4) and/or 42 U.S.C. § 1983, ordering:

1. Northwestern to provide ULS-P&A, within three days, the identities and contact information of people with mental health needs (and for their guardians, if any) who received services from Northwestern from May, 2002, to the present, for whom (1) staff at Northwestern or Northwestern itself acted as representative payee for federal Social Security benefits or for whom (2) Northwestern held funds or had authority over some or all of their funds;

2. Northwestern to provide ULS-P&A, within ten days, any and all investigation reports concerning allegations of financial mismanagement by Northwestern, and the related corrective action plans and/or any response provided by Northwestern to DMH;

3. DMH to provide ULS-P&A, within ten days, any and all of the following not already provided to ULS: investigation reports concerning allegations of financial mismanagement by

Northwestern, and the related corrective action plans and/or any response provided by Northwestern to DMH as well as any subsequent investigation findings or recommendations, and any records received and/or reviewed or prepared by DMH in preparing the report, including but not limited to records which describe persons who were interviewed, as well as physical and documentary evidence,

    3. Northwestern to provide ULS-P&A, within 10 days -- for individuals for whom ULS-P&A has presented authorizations or for whom authorization is not required under the PAIMI Act because those individuals do not have guardians and are unable to authorize their release as well as those for whom their guardian is an agency of the District of Columbia -- any and all records requested in exhibits 4, 8, 9, 10, 11, 12, 13, 14, 15, and 16 attached to the Plaintiff's Memorandum in Support of its Motion for Preliminary Injunction;

    4. Northwestern and DMH to provide ULS-P&A, within 10 days -- for individuals for whom ULS-P&A has presented authorizations or for whom authorization is not required under the PAIMI Act because those individuals do not have guardians and are unable to authorize their release as well as those for whom their guardian is an agency of the District of Columbia -- any and all requested records of individual consumers of mental health services that received services from Northwestern, including a) any correspondence and internal memoranda related to financial mismanagement, b) financial and billing/invoicing records for services provided to the consumer and/or for housing c) records prepared or maintained by Northwestern evidencing who provided services to the consumers, when, and how often, d) any reports concerning or responsive to allegations that Northwestern financially mismanaged consumers' funds; and ) any records or documents related to Northwestern or its staff's actions as representative payee

or management of consumers' money, including the names all staff that handled consumers' money, which are within the possession or control of Defendants or their agents;

**FURTHER**, **THE COURT DECLARES** that

Defendants' denial of timely access to the records sought violates the rights of Plaintiff under the PAIMI Act and the First and Fifth Amendments;

**FURTHER, THE COURT ORDERS** that

Defendants, their agents and employees, and all those acting in active concert, or under contract, or other arrangement with them are permanently enjoined from denying any and all future access to facilities, records, employees, and residents in accordance with 42 U.S.C. §10801 *et seq.* and relevant implementing regulations;

**FURTHER, THE COURT ORDERS** that

Defendants, their agents and employees, and all those acting in active concert, or under contract, or other arrangement with them are permanently enjoined from denying ULS-P&A the names and contact information for individuals with mental illness and their legal representatives when ULS-P&A asserts probable cause to believe those individuals have been subjected to abuse or neglect; and

**FURTHER, THE COURT ORDERS** that

Defendants shall pay reasonable attorneys' fees, expenses, and costs to Plaintiff's attorneys.

**SO ORDERED** this _____ day of November, 2004.

_____

The Honorable Judge Walton
United States District Court for the District of Columbia

COPIES TO:

Mary Nell Clark        mnellclark@uls-dc.com
University Legal Services

Tonya Robinson        tonya.robinson@dc.gov
Office of the Attorney General for the District of Columbia

Anne Sturtz, Esq.
General Counsel
Department of Mental Health
64 New York Ave., N.E., 4th fl.
Washington, D.C.  20002

Joseph Kelley, III, Esq.
Kelly and Murphy
1628 Pine Street
Philadelphia, PA 19103

L. Barret Boss
Cozen O'Connor
1667 K Street, NW
Suite 500
Washington, DC 20006-1605