UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNIVERSITY LEGAL SERVICES - <br>   PROTECTION AND ADVOCACY, INC. <br> <br>                      **Plaintiff,** <br> v. <br> <br> MARTHA B. KNISLEY, DIRECTOR <br>   DISTRICT OF COLUMBIA <br>   DEPARTMENT OF MENTAL HEALTH, <br>     In her official capacity <br> <br>                      **Defendant.** | ) <br> ) <br> ) <br> ) **CIVIL ACTION NO: 1:04CV01021** <br> )                 **(RBW)** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR ATTORNEYS' FEES**

Pursuant to Fed. R. Civ. P. 54(d) (2), Plaintiff submits this Memorandum in support of its Motion for Attorneys' Fees. Prevailing Plaintiff secured the relief sought – access to names and contact information of consumers of mental health services who received services from Northwestern Human Services. The fees incurred, $45,107 in total, are reasonable in light of the time spent on the litigation. Accordingly, Prevailing Plaintiff's Motion should be granted.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff University Legal Services - Protection and Advocacy, Inc. ("ULS-P&A") initiated this litigation against Defendant Martha Knisley in her official capacity as Director of the District of Columbia Department of Mental Health ("DMH") and Defendant John Stupak in his capacity as acting Director of Northwestern Human Services ("Northwestern") on June 23, 2004. In its Complaint, Plaintiff alleged that Defendant Martha Knisley, directly or through her

-1-

agents and employees, refused to give ULS-P&A access to DMH records that ULS-P&A requested pursuant to its authority under the Protection and Advocacy for Individuals with Mental Illness Act of 1986 ("PAIMI Act"), 42 U.S.C. §§10801-10827.  ULS-P&A alleged that the Defendants' refusal to provide ULS-P&A access to these records violated the PAIMI Act, the First and the Fifth Amendments of the U.S. Constitution, and 42 U.S.C. §1983.  Plaintiff requested as relief the names and contact information of consumers, or their guardians, suspected to be impacted by the alleged financial wrongdoings of Northwestern, as well as release of requested records within the time frame requested by the PAIMI Act.

ULS-P&A also filed a Motion for Preliminary Injunction asking this Court to order the Defendants to timely provide the requested records.  In July 2004, ULS-P&A and DMH settled the Preliminary Injunction by agreeing to be bound by an Order of this Court.  By court order, ULS-P&A was appointed as a limited client representative for the purpose of authorizing release, and the Court ordered DMH to give ULS a list of names and contact information for those it had identified as individuals for whom Northwestern had acted as representative payee or for whom Northwestern had handled funds.  See Exhibit A at 2 attached hereto.  The Court also ordered DMH to provide documents within ten days of receipt of an authorization.  Id. at 3.  Subsequently, DMH provided ULS with a list of names and contact information.  In addition, DMH has provided ULS with numerous documents requested pursuant to individual authorizations.

Plaintiff now files a motion pursuant to Federal Rule of Civil Procedure 54(d) and 42 U.S.C. §1988 for an award of attorneys' fees and litigation costs.  Since prevailing Plaintiff secured the relief that was sought, they should be awarded reasonable attorneys' fees.

**ARGUMENT**

I.  **PLAINTIFF IS THE PREVAILING PARTY AND THEREFORE SHOULD BE AWARDED ATTORNEYS' FEES AND COSTS.**

    A.    <u>Federal Statute Provides for Attorneys' Fees to the Prevailing Party.</u>

Federal law, 42 U.S.C. §1988, provides that in actions seeking to enforce a claim under 42 U.S.C. §1983, the court "may allow the prevailing party . . . reasonable attorneys fees." Although the statute grants discretion to the court, the Supreme Court has recognized that §1988 was designed "to ensure 'effective access to the judicial process' for persons with civil rights grievances." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429 (1983) (quoting H.R.Rep. N. 94-1558, p. 1 (1976)); <u>Boos v. Barry</u>, 704 F. Supp. 5, 6 (D. D.C. 1989). Therefore, prevailing plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." <u>Hensley</u>, 461 U.S. at 429 (1983); <u>Newman v. Piggie Park Enterprises, Inc.</u>, 390 U.S. 400, 402 (1968).

    B.    <u>Plaintiff is the Prevailing Party.</u>

A plaintiff must be a "prevailing party" to recover attorneys' fees under 42 U.S.C. §1988. "Plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." <u>Hensley</u>, 461 U.S. at 433 (1983) (quoting <u>Nadeau v. Helgemoe</u>, 581 F.2d 275, 278-279 (1st Cir. 1978)).

Under <u>Buckhannon</u>, to be a "prevailing party" eligible for attorneys' fees, there must be a "material alteration of the legal relationship of the parties." <u>Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.</u>, 532 U.S. 598, 604 (2001) (citing <u>Texas State Teachers Assn. v. Garland Independent School Dist.</u>, 489 U.S. 782, 792 (1989)).

Settlement agreements that are subject to enforcement by consent orders, even when there is no admission of liability by the defendant, "may serve as the basis for an award of attorneys' fees" because they create the necessary change in legal relationship between the plaintiff and defendant.  Buckhannon, 532 U.S. at 604; Akinseye v. District of Columbia, 193 F. Supp. 2d 134, 137 (D. D.C. 2002), rev' on other grounds, 339 F.3d 970 (D.C. Cir. 2003).

The July 16, 2004 Court Order created a "material alteration of the legal relationship" between Plaintiff and Defendant DMH, making Plaintiff the prevailing party.  The Order appointed Plaintiff as the client representative for the purpose of authorizing DMH to disclose names and contact information of individuals for whom Northwestern Human Services had served as representative payee or managed personal funds.  See Exhibit A at 2.  The Court then ordered DMH to provide the names and contact information within five days, and respond to any future requests for information within ten days, provided there was a valid authorization for disclosure.  See Exhibit A at 3.

The production of names and contact information ordered by the Court required that the Defendant take specific action that could have been enforced by judicial sanctions.  While a judicial statement that is "unaccompanied by 'judicial relief,' is not sufficient to make a claimant a 'prevailing party,'" a court order that requires "some action (or cessation of action) by the defendant . . . the payment of damages, or specific performance or the termination of some conduct" does create a prevailing party.  Thomas v. National Science Foundation, 300 F.3d 486, 494 (D.C. Cir. 2003) (citing Buckhannon, 532 U.S. at 606; Hewitt v. Helms, 482 U.S. 755, 761(1987)).  Court orders that maintain the status quo or that are merely a formality therefore do not make the Plaintiff a prevailing party.  Lopez v. District of Columbia, 355 F. Supp. 2d 402,

403 (D. D.C. 2005); <u>Oil, Chem. and Atomic Workers Int'l Union v. Dept. Of Energy</u>, 288 F.3d 452, 457 (D.C. Cir. 2002). The status quo in this case, however, was changed significantly.

DMH had refused to provide ULS with any names, claiming that to do so would violate the D.C. Mental Health Information Act, § 7-1201.02 ("Except as specifically authorized . . . ., no mental health professional . . . shall disclose or permit the disclosure of mental health information to any person, including an employer.") Solely because of this Court's Order, DMH gave ULS the very thing it was requesting in its lawsuit and to which it had a right under federal law.

Furthermore, the Court Order in this case "materially altered the legal relationship" between the two parties by appointing Plaintiff as client representative. Again, this act was not merely a formality; it required court action. Plaintiff is, therefore, the prevailing party under 42 U.S.C. §1988.

Moreover, had the Defendant failed to provide Plaintiffs with future requests for information within the time-frame set by the Court's Order, this Court could have sanctioned Defendant for that failure. Certainly that threat of sanction and the order itself made ULS a prevailing party.

## II. THE ATTORNEYS' FEES REQUESTED BY THE PREVAILING PLAINTIFF ARE FAIR AND REASONABLE.

Because Plaintiff is the prevailing party, it is entitled to recover reasonable fees. "The first step in an award of attorneys' fees is to determine the lodestar fee – the hourly rate multiplied by the number of hours reasonably expended on the case." <u>Bolden v. J & R, Inc.</u>, 135 F. Supp.2d 177, 179 (D. D.C. 2001) (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983)). Based on this calculation, with a significant reduction in time due to billing judgment, Plaintiff

requests a fee award of $45,107.  Given the nature of this litigation, this fee request is fair and reasonable.

A. The Hourly Rates are Reasonable

An attorney's billing rate is presumptively reasonable so long as it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Bolden, 135 F. Supp.2d at 179 (citing Save Our Cumberland Mountains, Inc. V. Hodel, 857 F.2d 1516, 1518-1519 (D.C. Cir. 1988)).  The prevailing market rate method applies to both private and public interest attorneys.  Blum v. Stenson, 465 U.S. 886, 895 (1984); Save Our Cumberland Mountains, Inc., 857 F.2d at 1524.  Due to the difficulty in computing prevailing rates for non-profit or public interest attorneys, the D.C. Circuit created a matrix to estimate reasonable rates in the District of Columbia based on an attorney's number of years of experience.  Laffey v. Northwest Airlines, Inc., 572 F. Supp. 354 (D. D.C. 1983), aff'd in part, rev'd in part on other grounds, 746 F.2d 4 (D.C. Cir. 1984), cert. denied, 472 U.S. 1021 (1985).  An updated Laffey matrix for subsequent years, determined by adjusting for the change in the cost of living for the D.C. area, is published by the U.S. Attorney's Office and has been used in multiple cases as evidence of prevailing market rates in the D.C. area to determine the reasonableness of fee awards.  See, e.g., Covington v. District of Columbia, 57 F.3d 1101, 1109 (D.C. Cir. 1995); Bolden, 135 F. Supp.2d at 179.

The hourly rates requested for counsel are based on the Laffey matrix.  See Exhibit B attached hereto.  The rate is $345 for Mary Nell Clark, $280 for Kelly Bagby, and $110 for Chandra Linton.  Mary Nell Clark has been practicing law for almost sixteen (16) years.  She is a member in good standing of the Bar of the District of Columbia and an inactive member of the

Texas Bar. She received her undergraduate degree in 1981 from Trinity University in San Antonio, Texas, where she graduated *summa cum laude*. She received her J.D. from the University of Texas School of Law in 1987, where she was a member of the Texas Law Review and Order of the Coif. She clerked from 1987 - 1988 for the Honorable Jerry Buchmeyer in the U.S. District Court for the Northern District of Texas. After working for several years at the law firm of Hogan & Hartson, she became a trial attorney at the U.S. Department of Justice and was lead counsel in numerous federal court actions, including several large class actions, for a period of over ten years. She became employed as a managing attorney at University Legal Services Protection and Advocacy Program ("ULS") in June of 2003. See Exhibit C attached hereto.

Kelly Bagby is a member of the D.C. Bar. Until October, 2004, she was Litigation Director for ULS. She has been practicing law for more than eight years. She has extensive experience litigating issues related to access under the federal PAIMI statute and disabilities law. See id. at ¶ 8.

Chandra Linton has been a law clerk at ULS for eleven months. Prior to that, she was a law clerk at Neighborhood Legal Services in Washington, D.C. for six months. She is a student at Georgetown University Law Center, where she is an editor of the Georgetown International Environmental Law Review. She graduated from the University of Illinois in 2002. See id. at ¶ 9.

B.      The Number of Hours Expended is Reasonable

It was reasonable and necessary for counsel to spend a total of 147 hours over a one year period in furtherance of this litigation. These hours include time spent, inter alia, in communication with the defendant, factual and legal investigation, drafting and editing documents, and attending hearings. See Exhibit D attached hereto. Counsel avoided unnecessary duplication of efforts, and except for a few hours, only one attorney worked on this case of great public consequence.

The composition of Plaintiff's Lodestar is based on detailed, contemporaneous time records and reflects a significant reduction in time due to billing judgment. Over 150 hours, or $52,000, were not charged to the Defendant in an effort to ensure that the time spent was reasonable. This reduction represents over half of the total hours spent on this case. Many hours were spent attempting in good faith to negotiate a continuing access agreement with DMH, but in the end, such efforts were unsuccessful. Many hours were spent researching and drafting a motion for summary judgment, filed, in part, because DMH had not responded to settlement communications. Nevertheless, none of those hours are included in Plaintiff's request for fees. In addition, all time spent in discussion with only Defendant Northwestern and time spent addressing issues related solely to Northwestern is not included in the calculation of attorneys' fees. See Exhibit D. These cuts reinforce the reasonableness of the plaintiff's adjusted lodestar and the total request.

Pre-filing time, time spent monitoring and implementing a consent decree, and time spent on preparing and litigating fee claims are all compensable under fee-shifting statutes. Comm'r, INS v. Jean, 496 U.S. 154, 166 (1990) (Congress intended the fee-shifting provision of the Equal

Access to Justice Act to cover all phases of successful litigation, including litigation over fees); Webb v. Board of Education of Dyer County, 471 U.S. 234, 242-43 (1985) (citing Hensley, 461 U.S. at 433 (1983)) (services performed before a lawsuit is filed are compensable, although work done several years on an administrative hearing is not); Save Our Cumberland Mountains, Inc. v. Hodel, 651 F. Supp. 1528, 1535 (D. D.C. 1986) (hours reasonably expended in monitoring of court-ordered consent agreement are compensable under Surface Mining Act).  All activities for which Plaintiff billed Defendant were compensable, reasonable, and necessary in furtherance of this litigation.

Prevailing Plaintiff is entitled to an award of reasonable fees.  Plaintiff's rates and hours spent are both reasonable, and significant billing judgment was exercised in reducing the amount of fees requested.  Plaintiff therefore requests a fee award of $45,107.25 .

Respectfully submitted,

_/s/_____
Mary Nell McGarity Clark
D.C. Bar # 419732
Managing Attorney
University Legal Service - P&A
220 I Street, NE Suite 130
Washington, D.C.  20002
(202) 547-0198 ext 141
(202) 547-2662 fax

Dated:   April 1, 2005